IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| PAKIE V. PLASTINO, a married man for his separate estate, | ) |
| Plaintiff, | ) Case No.: |
| vs. | ) COMPLAINT |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; RESCOMM HOLDINGS NO. 2, LLC, an unknown foreign Limited Liability Company; ALLIANCE BANCORP, a California Corporation; IMPAC REAL ESTATE ASSET TRUST SERIES 2006-SD1, an unknown foreign trust; ACTION MORTGAGE COMPANY; an unknown foreign business entity; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERLIZED ASSET-BACKED BONDS SERIES 2002-8; a foreign trust company; EMC MORTGAGE CORPORATION, a foreign corporation, | ) |
| Defendants. | ) |

COMES NOW Plaintiff, Pakie V. Plastino, by and through his attorneys of record, Robert J. Penfield and Penfield Legal Services, PLLC, and Robert Penfield, and files this Complaint to state and allege as follows:

COMPLAINT- 1

PENFIELD LEGAL SERVICES, PLLC
11661 SE 1ST STREET, SUITE 200
BELLEVUE, WA 98005
PHONE: 425-443-0277

## I.   PARTIES

1.1  Plaintiff is a married man who for all times relevant to the causes set forth herein resided in King County, Washington, with his wife, Olga Stewart.

1.2  Plaintiff and his wife reside at 11740 Riviera Place N., Seattle, WA 98125, which is the subject property (the "Property") in this litigation, and which is legally described as:

> LOT 13, BLOCK 2, RIVIERA BEACH DIVISION NO. 2, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 29 OF PLATS, PAGE(S) 43, RECORDS OF KING COUNTY.

Assessor's Parcel Number 7351700168.

1.3  Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is a Delaware Corporation which does business in the state of Washington, and which may claim some legal or equitable interest in the Property.

1.4  Defendant RESCOMM HOLDINGS NO. 2, LLC, ("Rescomm") is an unknown foreign Limited Liability Company which may claim some legal or equitable interest in the Property.

1.5  Defendant Alliance Bancorp is an unknown foreign banking entity which may claim some legal or equitable interest in the Property.

1.6  Defendant IMPAC REAL ESTATE ASSET TRUST SERIES 2006-SD1 ("IMPAC") is an unknown foreign trust which may claim some legal or equitable interest in the Property.

1.7  Defendant ACTION MORTGAGE COMPANY ("Action") is an unknown foreign business entity which may claim some legal or equitable interest in the Property.

1.8  Defendant EMC MORTGAGE ("EMC") is an unknown foreign corporation which may claim some legal or equitable interest in the Property.

1.9  Defendant Blackstone Corporation is an unknown Corporation which may claim some legal or equitable interest in the Property.

1.10  Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY (hereinafter "Deutsche Bank") is a national banking association organized and existing under the laws of the United States, with its principal place of business in Irvine, California, and which does business in

the state of Washington.

## II. JURISDICTION AND VENUE

2.1     This court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) in that the amount in controversy is in excess of $75,000 and there is diversity of between plaintiffs and defendants in regard to state of residence and/or principal place of business.

2.2     This court has subject matter jurisdiction over this action

## III. FACTS

3.1     On or about September 13, 2002, Plaintiff borrowed $1,000,000.00 (hereinafter the "Loan") and secured that Loan by executing a promissory note and Deed of Trust, which Deed of Trust (the "DOT") was recorded against the Property on September 24, 2002 as document number 20020924001664, property records of King County.

3.2     The DOT names Defendant MERS as "nominal beneficiary" for the true beneficiary of the DOT, which is believed to be Defendant Alliance Bancorp.

3.3     On August 25, 2004, MERS purported to assign the beneficial interest in the DOT to Defendant Rescomm, by the recording of an Assignment of Deed of Trust dated August 11, 2004 (recorded as document number 20040825001761, property records of King County).  That assignment was executed by Sandy W. Ng.

3.4     On August 25, 2004, Defendant Rescomm recorded an Appointment of Successor Trustee in the property records of King County, Washington, under recording number 2040825001763.  This AST states that Rescomm was acting as "Successor Beneficiary," and names "Blackstone Corporation" as Successor Trustee on the DOT.

3.5     On November 8, 2004, Defendant Rescomm purported to assign the beneficial interest in the DOT to Deutsche Bank National Trust Company in its role as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds Series 2002-8, by the recording of a Corporation Assignmetn of Deed of Trust/Mortgage (recording number 20041108001305, property records of King County).

3.6 On July 22, 2005, the assignment original recorded by MERS on August 25, 2004 was re-recorded in the property records of King County as document number 20050722001640, with the only change on the face of the document being the new recording number, and addition of "Alliance Bankcorp" as a write-over of Action Mortgage.

3.7 On February 22, 2008, a Notice of Default was mailed to Plaintiff by an unknown entity.

3.8 On March 3, 2008, MERS recorded an Appointment of Successor Trustee in the property records of King County under document number 20080303001263, purporting to appoint Quality Loan Service Corp. of Washington as successor trustee of the DOT. This AST was executed February 26, 2008 and was executed by Liquenda Allote as VP for MERS.

3.9 On March 30, 2009, John Cody, VP of MERS, executed an Assignment of DOT purporting to transfer the beneficial interest in the DOT to "Deutsche Bank National Trust Company, as Indenture Trustee for Impac Real Estate Asset Trust Series 2006-SD1." This assignment was recorded on May 28, 2009 in the property records of King County as document number 20090528000813.

3.10 On January 8, 2010, Quality Loan Service Corp. of Washington recorded a Notice of Trustee's Sale in the property records of King County, setting April 9, 2010 as the date of a non-judicial foreclosure sale of the Property. The NOTS was recorded as document number 20100108000280.

3.11 Plaintiff alleges that each of the DOT assignments set forth above are invalid for lack of true authority to sign by the parties which executed and recorded these documents, and that therefore the Appointments of Successor Trustee that have been recorded are also invalid for lack of proper authority, which renders the Notice of Trustee Sale that was recorded on April 9, 2010 invalid as well.

3.12 Each of the named Defendants herein is an entity that may claim that it is entitled to receive payment on Plaintiff's Loan which is secured by the DOT.

COMPLAINT- 4

3.13 Each of the named Defendants herein is an entity which also claims some legal or equitable interest in the Property, which claim constitutes a cloud on Plaintiff's title that damages Plaintiff's own interest in the Property in excess of $75,000.00, or in the alternative, in an amount to be proven at trial.

## IV. CAUSE OF ACTION: DECLARATORY JUDGMENT

4.1 Plaintiff re-alleges and incorporates by reference all of the foregoing allegations as though fully set forth herein.

4.2 This Court has authority to enter a declaratory judgment in this case, pursuant to the provisions of RCW 7.24.010.

4.3 The DOT in this action is a written instrument subject to this Court's authority to issue a declaratory judgment, pursuant to RCW 7.24.020 and RCW 7.24.030.

4.4 This Court has the power and authority to: "restrain all parties involved in order to secure the benefits and preserve and protect the rights of all parties to the court proceedings," pursuant to the provisions of RCW 7.24.190.

4.5 The Plaintiff has presented evidence of a controversy that is ripe for declaratory judgment ruling, and the issue is justiciable and material to the outcome of litigation in this instance. This Court should exercise its power and authority to issue a declaratory ruling upon the legal and factual matters presented for declaratory relief and declare that none of the named Defendants possesses any legal or equitable interest in the Property.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. For issuance of an Order declaring that none of the named Defendants possesses any legal or equitable interest in the Property.

2. For an award of actual damages in the amount of at least $75,000.00 against each false claimant against the Property.

COMPLAINT- 5

PENFIELD LEGAL SERVICES, PLLC
11661 SE 1ST STREET, SUITE 200
BELLEVUE, WA 98005
PHONE: 425-443-0277

1       3.    For an award to Plaintiff of his reasonable attorney fees and costs incurred in

2   connection with this action.

3       4.    For such other and further relief as the Court deems just, proper and equitable.

4   DATED this 20th day of August, 2012.

5

6   Penfield Legal Services, PLLC

7

By: <u>Robert J. Penfield</u>

8       Robert J. Penfield, WSBA #25081
    11661 SE 1st Street, Suite 200

9       Bellevue, Washington 98005
    Telephone: (888) 543-0048

10       Fax: (425) 650-6912

11       E-mail: Robert@penfieldlegal.com

COMPLAINT- 6

PENFIELD LEGAL SERVICES, PLLC
11661 SE 1ST STREET, SUITE 200
BELLEVUE, WA 98005
PHONE: 425-443-0277